### DICK HENDRIX V. THE STATE.

No. 10469.    Delivered December 8, 1926.

Rehearing denied June 8, 1927.

**1.—Carrying a Pistol—No Statement of Facts, or Bill of Exceptions.**

There being no statement of fact or bill of exception in this record, the judgment must be affirmed.

**ON REHEARING.**

**2.—Same—Indictment—Insufficiency Of—Practice on Appeal.**

Where an indictment uses the disjunctive "or" instead of the conjunctive "and" to be available to appellant on appeal, the attack on the sufficiency of the indictment should be made by motion or exception in the trial court.    See Lewellen v. State, 54 Tex. Crim. Rep. 640.

Appeal from the County Court of Garza County.    Tried below before the Hon. J. M. Boren, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of one hundred dollars.

The opinion states the case.

*Lockhart & Garrard* of Lubbock, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully carrying a pistol, punishment fixed at a fine of one hundred dollars.

The record is void of statement of facts and bills of exceptions. No fundamental error has been discovered.    The judgment is affirmed.

*Affirmed*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Notice of appeal was given February 5, 1926. The record was filed in this court August 11, 1926, and the judgment affirmed on December 8, 1926. On March 7, 1927, motion for rehearing was filed here which, for the first time, attacks the sufficiency of the indictment because it uses the disjunctive "or" instead of the conjunctive "and." The precedents are numerous to the effect that the conjunctive should be used. Apparently the attack, however, should be made by motion or exception in the trial court. See Lewellen v. State, 54 Tex. Crim. Rep. 640. The writer thinks this should be the rule. However, the point raised in the motion for rehearing comes too late for consideration. The motion, therefore, will be stricken out.

*Overruled.*